UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 09-80607-CIV-MARRA/JOHNSON

L.H. EQUITY INVESTMENTS LLC,

Plaintiff,

vs.

DWYANE WADE, MARCUS ANDREWS,
HENRY THOMAS, WADE GLOBAL LLC,
CSMG SPORTS LTD., and JOHN DOES 1-10,

Defendants.
_____/

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER
AND INCORPORATED MEMORANDUM OF LAW**

Defendants Dwyane Wade, Marcus Andrews, Henry Thomas, Wade Global LLC and CSMG Sports Ltd., move this Court pursuant to Federal Rule of Civil Procedure 26(c) for a protective order to bar the deposition of Pat Riley, and in support thereof state:

**PRELIMINARY STATEMENT**

Plaintiff's attempt to take the deposition of Pat Riley, the President of the Miami Heat and Wade's boss, is a further demonstration of its strategy to use this antitrust suit as leverage to "encourage" Wade to settle the related pending state court action and arbitration. The deposition cannot be reconciled with the proscriptions of the Federal Rules of Civil Procedure, and Plaintiff should be prohibited from deposing Riley in this action.

In support of its Motion to Compel Riley's deposition—which Plaintiff prematurely filed on September 10, 2009—Plaintiff states three reasons why it should be allowed to take Riley's

- 2 -

deposition: (1) to discover evidence which would justify adding the Miami Heat as a defendant in this action; (2) Riley may have information about why Wade supposedly abandoned the joint venture he allegedly entered into with Plaintiff's predecessor; and (3) Riley can testify about Wade's "uniqueness" and the value of his name, likeness, and fame. None of these reasons provides a proper basis to depose Riley in the case.

First, Plaintiff may not take the deposition of the President of the Miami Heat to determine if the Miami Heat should be added as a defendant in this action. Second, while the reasons Wade supposedly "abandoned" the alleged joint venture may touch upon issues in Plaintiff's state law breach of contract claim, they are entirely irrelevant to any claim in this litigation. Third, although Plaintiff relies on Wade's purported "uniqueness" to argue that Wade-personalized memorabilia constitutes a relevant antitrust market, his status as a celebrity, in fact, is the primary reason why this action is meritless. As Plaintiff itself concedes, Wade's popularity gives him the right to control his name, likeness, and fame.

## LEGAL STANDARD

Discovery that is not reasonably calculated to lead to the discovery of admissible evidence is not within the bounds of permitted discovery of Federal Rule of Civil Procedure 26(b)(1). *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005). And, a party to litigation has standing to move for a protective order to prevent discovery of a third party. *Id.*

While Rule 26 applies to both parties and non-parties, courts generally consider a non-party's status as a factor in determining whether a protective order is appropriate. *Auto-Owners Ins. Co.*, 231 F.R.D. at 430; *see also Allen v. Howmedica Leibinger, GmH*, 190 F.R.D. 518, 521 (W.D. Tenn. 1999) (court should consider a "nonparty['s] status as one factor weighing the

burdens that discovery may impose"); *Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163, 179 (E.D.N.Y. 1988) (non-party's status is "significant in determining whether compliance [with a discovery demand] would constitute an undue burden").

## ARGUMENT

Plaintiff first served a subpoena on Riley in his individual capacity on August 10, 2009 for a deposition scheduled for August 20, 2009. *See* Subpoena to Pat Riley dated August 4, 2009, appended hereto as Exhibit A. Then, after Plaintiff was advised that Riley was not available for the scheduled deposition, Plaintiff served Riley with a second subpoena for deposition scheduled for October 6, 2009—this time in his capacity as President of the Miami Heat. *See* Subpoena to Pat Riley dated September 1, 2009, appended hereto as Exhibit B.

In response to the second subpoena, Riley's counsel, Alan Fein, spoke with Plaintiff's counsel, during which Alan Fein questioned the propriety of the deposition subpoena and advised Plaintiff's counsel that he would be filing a motion for protective order on behalf of Riley. *See* Riley's Opposition to Motion to Compel at 3 [**D.E. #42**]. Plaintiff apparently was unwilling to wait for Riley's motion for protective order; instead, Plaintiff filed a motion to compel Riley's attendance at the deposition even before the deposition was noticed to occur.

In its Motion to Compel Riley's Attendance at Deposition [**D.E. #41**], Plaintiff claims that Riley's testimony is necessary because:

- it seeks to identify the Miami Heat "as a potential John Doe in this case" (Motion to Compel at 2);

- Defendant Thomas, Wade's agent, testified in another case that he spoke to Riley about his concerns regarding Wade's involvement with Plaintiff's purported predecessors in interest and that "Wade

may have informed Riley of why he was abandoning the JVA" (*Id.* at 3-4); and

- Riley is supposedly knowledgeable of "Wade's unique market niche as an NBA superstar and the value of Wade's name, likeness, and image in promoting the Miami Heat" (*Id.* at 4).

None of Plaintiff's purported bases for Riley's testimony justifies the deposition. To the contrary, Plaintiff's stated reasons for the deposition only confirm its impropriety.

### A. Plaintiff May Not Take Riley's Deposition to Determine if the Miami Heat is a John Doe in this Action

Plaintiff's first reason for taking Riley's deposition is that it might provide Plaintiff with sufficient factual support to join the Miami Heat as a defendant in this action. This Court addressed the same purported justification in connection with Plaintiff's Motion for Enlargement of Time to Amend Pleadings/Add Parties [**D.E. #37**]. In that motion, Plaintiff sought to extend the deadline to add defendants in this case because it first needed to take the depositions of the Miami Heat and other third parties "to determine which of them could possibly be identified as a John Doe in this matter." This Court disagreed and held that "Plaintiff's hope that it may discover evidence which would provide a basis to bring claims against other parties is not a sufficient basis to extend the deadlines to amend the pleadings." Order dated September 1, 2009 [**D.E. #40**].

That same logic applies with equal force here. The Federal Rules of Civil Procedure prohibit Plaintiff from using depositions as a "fishing expedition" to determine whether it can state a claim against the Miami Heat. Indeed, "[t]he purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." *Lippman v. Miami*, No. 06-21124-CIV, 2008 WL 2906697, at *4 (S.D. Fla. July 24, 2008) quoting *Abrahams v. Young & Rubicam*, 979 F. Supp. 122, 129 (D. Conn. 1997); *see also Collins v. Walden*, 834 F.2d 961, 965 (11th Cir. 1987) ("filing a lawsuit is not a gratuitous

- 5 -

license to conduct infinite forays in search of evidence"); *Humphrey v. Court of Common Pleas*, 640 F. Supp. 1239, 1244 (M.D. Pa. 1986) (plaintiff prohibited from trying to cure deficiencies in complaint by engaging in discovery).

Plaintiff's desire to "fish" for information to devise a claim against the Miami Heat is not a legitimate basis to seek a deposition, and, therefore, provides no support for Plaintiff's contention that it is entitled to depose Riley.

### B. Riley's Conversations with Defendant Thomas and Possibly Wade are Insufficient to Warrant the Deposition of Riley

Plaintiff's next reason for taking Riley's deposition is that Riley may have learned from Defendant Thomas or possibly Wade why Wade supposedly abandoned the alleged joint venture agreement. This reason is as inadequate as Plaintiff's stated desire to gather facts to support the addition of the Miami Heat as a defendant in this case. Indeed, even accepting Plaintiff's contentions regarding Wade's motivation for his supposed termination of the alleged joint venture agreement, that alleged motivation does not in any fashion support Plaintiff's antitrust claims in this case.

In its Opposition to Wade's Motion to Dismiss, Plaintiff claims that the reason Wade supposedly terminated the alleged joint venture agreement was to "capitalize on more profitable arrangements for the distribution of Wade memorabilia." Opposition to Motion to Dismiss at 5 [**D.E. #28**]. Although Wade adamantly denies the allegation, as Defendants explained in their Reply, from an antitrust perspective there is absolutely nothing wrong with trying to make more money. In fact, Wade's desire to maximize his commercial opportunities from the use of his name, likeness, and fame, is one of the privileges the law specifically accords to him as it does any other celebrity.

Plaintiff, of course, maintains that Wade was not permitted to terminate the alleged joint venture agreement, and, in the companion state court action has alleged that by doing so Wade breached the agreement. However, this is not a breach of contract case; it is an antitrust case, and Plaintiff's breach of contract claim has absolutely no bearing on this action.

### C. Riley's Supposed Knowledge of Wade's "Uniqueness" Also Does Not Justify His Deposition in this Case

Plaintiff's final rationalization in support of its desire to take the deposition of Riley is that Riley allegedly has knowledge concerning Wade's "unique market niche as an NBA superstar and the value of his name, likeness, and image in promoting the Miami Heat." *See* Plaintiff's Motion to Compel Riley's Attendance at Deposition at 4. Like Plaintiff's other asserted bases for taking Riley's deposition, this reason only confirms why Riley's deposition is unjustified in this case.

First, as Defendants explained in their Motion to Dismiss and Reply, it is the fact of Wade's status as a sports celebrity that accords him the right to control the use of his name, likeness, and fame for commercial purposes under the right of publicity. And, while Plaintiff repeatedly points to Wade's popularity to define the relevant market in this case, it cannot overcome the complete absence of any case law to support the notion that a single individual or show or entertainer can constitute a relevant market for antitrust purposes.

Second, as Riley stated in his Opposition to Plaintiff's Motion to Compel, his "role as the President of the Miami Heat does not encompass oversight of the Miami Heat's marketing of its or its players' sports memorabilia, or afford him any unique knowledge of the demand of the market in or outside of South Florida for Miami Heat

merchandise or memorabilia." Riley's Opposition to Motion to Compel at 8. Plaintiff's insistence on deposing Riley as a representative of the Miami Heat in light of this fact highlights its true motivation for taking the deposition.

Plaintiff apparently believes that by compelling Riley to appear for what it hopes will be a well-publicized deposition in this case, Plaintiff might gain some litigation leverage over Wade—if not in this case, then perhaps in the pending state court action or arbitration. Rule 26, however, does not permit depositions for this purpose. Fed. R. Civ. P. 26(g) (discovery may not be "interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"); *see also Trunk v. City of San Diego*, Nos. 06cv1597-LAB (WMc), 06cv1728-LAB (WMc), 2007 WL 3001679, at *7 (S.D. Cal. Oct. 11, 2007) (upholding magistrate judge's order granting nonparty's motion to quash subpoena because of potential for improper use of deposition); *Toms v. Link Sports Mgmt. Group, L.P.*, Civil Action No. 05-0847, 2006 WL 2355865, at *2-3 (W.D. La. Aug. 14, 2006) (denying a plaintiff's motion to compel deposition of third party finding that deposition would "push limits of discovery too far" where the plaintiff sought the deposition on the hope that he might discover complaints similar to those made by him); *In re Olympia Holdings Corp.*, 189 B.R. 846, 852 (Bankr. M.D. Fla. 1995) (holding that discovery meant to harass defendants was improper).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter a Protective Order prohibiting the deposition of Pat Riley, together with such other relief as this Court deems just, equitable, and proper.

Dated: October 9, 2009                     Respectfully submitted,

By: _s/Scott N. Wagner_
    **ROBERT W. TURKEN** (Florida Bar No. 306355)
    rturken@bilzin.com
    **MICHAEL N. KREITZER** (Florida Bar No. 705561)
    mkreitzer@bilzin.com
    **SCOTT N. WAGNER** (Florida Bar No. 51662)
    swagner@bilzin.com
    **BILZIN SUMBERG BAENA PRICE**
     **& AXELROD LLP**
    200 South Biscayne Boulevard, Suite 2500
    Miami, Florida 33131-5340
    Telephone: (305) 374-7580
    Facsimile: (305) 374-7593

    *Counsel for Defendants Dwyane Wade, Marcus Andrews, and Wade Global LLC*

By: _s/E. Colin Thompson_
    **FREDRICK H.L. McCLURE**
    (Florida Bar No. 147354)
    fredrick.mcclure@dlapiper.com
    **E. COLIN THOMPSON** (Florida Bar No. 684929)
    colin.thompson@dlapiper.com
    **BENJAMIN S. BOYD** (Florida Bar No. 50401)
    (Admitted *Pro Hac Vice*)
    benjamin.boyd@dlapiper.com
    **DLA PIPER LLP (US)**
    100 North Tampa Street, Suite 2200
    Tampa, Florida 33602
    Telephone: (813) 229-2111
    Facsimile: (813)229-1447

    OF COUNSEL:

    **KENNETH G. STARLING**
    (District of Columbia Bar No. 197806)
    kenneth.starling@dlapiper.com
    **DLA PIPER LLP (US)**
    500 8th Street, N.W.
    Washington, D.C. 20004
    Telephone: (202) 799-4518
    Facsimile: (202) 799-5518

    *Counsel for Defendants Henry Thomas and CSMG Sports Ltd.*

- 9 -

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of October, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send Notices of Electronic Filing to all counsel of record identified on the attached Service List.

                                  *s/Scott N. Wagner*
                                  Scott N. Wagner, Esq.

## SERVICE LIST

J. David Huskey, Jr., Esq.
Florida Bar No. 827850
McGEE & HUSKEY, P.A.
2850 North Andrews Avenue
Fort Lauderdale, FL 33311
Telephone: (954) 563-8200
Facsimile: (954) 566-7754

Bruce Fein, Esq.
BRUCE FEIN & ASSOCIATES, INC.
Co-Counsel for L.H. Equity Investments LLC
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036
Telephone: (703) 963-4968
Facsimile: (202) 478-1664

Donald I. Baker, Esq.
Baker & Miller PLLC
Co-Counsel for L.H. Equity Investments LLC
2401 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20037
Telephone: (202) 663-7820
Facsimile: (202) 663-7849

Alan H. Fein, Esq.
Kelly R. Mechiondo, Esq.
Stearns Weaver Miller Weissler
   Alhadeff & Sitterson, P.A.
Counsel for Non-Party Patrick J. Riley
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130